John H. ROBBINS, Petitioner,

v.

UNITED STATES RAILROAD RETIRE-
MENT BOARD, Respondent.

No. 76–4274.

United States Court of Appeals,
Fifth Circuit.

Dec. 22, 1978.

Robert A. Kofkoff, Decatur, Ga., Arthur Leed, Hugh F. O'Connell, for petitioner.

Richard F. Butler, Secretary, U. S. Railroad Retirement Bd., Dale G. Zimmerman, Gen. Counsel, Steven A. Bartholow, Edward S. Hintzke, Attys., Chicago, Ill., for respondent.

Before JONES, GODBOLD and GEE, Circuit Judges.

JONES, Circuit Judge:

The petitioner, John H. Robbins, was employed as a switchtender by the Southern Railway Company in its Atlanta, Georgia yards from October, 1972 until July, 1974. He was absent from work on and for more than thirty days after June 20, 1974. The contract between the railroad and the union of which Robbins was a member provided that "yardmen and switchtenders laying off for more than thirty (30) consecutive days without proper leave of absence will forfeit their seniority. This does not apply in case of bona fide illness and/or disability." After the thirty day period had expired, Robbins was dropped from the seniority roster of the railway.

Robbins applied to the respondent, the United States Railroad Retirement Board, for benefits under the Railroad Unemployment Insurance Act, 45 U.S.C.A. § 351 et seq. He asserted that his absence was occasioned by illness, and so was entitled to receive the benefits.

In accordance with its practice the Board, soon after the claim was filed, commenced the payment of benefits to Robbins. An employee of the Board then made an investigation and decided that Robbins had ceased work voluntarily and without good cause. Robbins' claim of illness as the cause of his absence from work was rejected. Unemployment benefits were discontinued. Robbins requested and was granted a review of the investigator's decision. The decision was sustained. The decision of the issue as to whether Robbins had failed to report for work because of illness was then appealed by him. A hearing was had before an Appeals Referee of the Board. Robbins and his wife testified that his absence from work was caused by illness. The railroad introduced, as a business record, its "Off-Board List" which showed that Robbins had been marked absent for personal reasons. Robbins denied the making or authorizing of any such record. The railroad showed that Robbins had not sought reinstatement as he was permitted to do by the contract between his union and the railroad. There was testimony that Robbins had indicated that he felt that the work of a switchtender was not suitable employment for him.

Following the hearing the Appeals Referee, on his own initiative and without notice to Robbins or his attorney, conducted an investigation under the authority of 20 C.F.R. § 320.25(b) (1970), which provides,

"If, in the judgment of the Referee, evidence not offered is available and relevant, and is material to the merits of the appeal, the Referee shall obtain such evidence upon his own initiative."

In the course of his investigation the Referee procured various documents, some of which indicated that Robbins had not applied for reinstatement to his job, and that the Off-Board Lists showed that Robbins had been marked as absent for personal reasons. The Referee spoke by telephone with Robbins' foreman from whom he received unsworn testimony that "He [Rob-

bins] did not feel like working and asked to be excused." The Referee found that Robbins voluntarily left work without good cause and denied Robbins' claim for unemployment benefits. The Board upheld the determination of the Referee. The Board's decision is before the Court for review.

■ It is clearly apparent that the petitioner did not have a due process hearing. Our only concern is whether he should have been given such a hearing. It is doubtful that the petitioner's claim is a claim to property within the due process clause of the Constitution.[1] During the present decade there has been a judicial recognition to certain claims and interests, designated as entitlements. It has been held that there can be no divestment of such claims or interests without procedural due process. The origin, development and extent of the doctrine and its limitations are set forth by Professor Tribe in his recent treatise.[2] A claim to benefits under the Railroad Unemployment Insurance Act, if not a constitutional property claim, is an entitlement under the current procedural due process doctrine.

■ One of the landmark decisions in the development of the entitlement due process doctrine is *Goldberg v. Kelly,* 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287, decided in 1970. The facts, the opinion and the decision of that case furnish a guide for determining the issue presented here. In the *Goldberg* case payments by a Federally funded state agency to some of its beneficiaries were terminated without notice and without a hearing. It was held that the benefits were a matter of entitlement for persons qualified to receive them and that procedural due process applies to their termination. Judicial forms and procedures are not essential to meet procedural due process requirements but there must be a hearing before an impartial tribunal with the right of confrontation and cross-examination of witnesses. Fairness and impartiality are necessary.

1. U.S.Const. Amendment V.

2. L. Tribe, *American Constitutional Law* 514 et seq. (1978).

■ Since the benefits to Robbins were cut off without the requisite pre-termination procedural due process hearing, benefits must be paid to him from the cut-off date until it be determined, if it be so determined, after a proper hearing that he is no longer entitled. A hearing shall be had, if the Board so desires, to determine whether Robbins is entitled to the benefits which he claims.

The Board's order is vacated and the cause is remanded to it for further proceedings.

VACATED and REMANDED.